WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leonard Turner,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-16-00800-TUC-JGZ (JR)<br><br>**ORDER** |

Pending before the Court is Magistrate Judge Jacqueline Rateau's Report and Recommendation that the Court deny Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 28.) Petitioner has filed an objection to the report. (Doc. 29.) Respondents did not file a response.

Having considered the Report and Recommendation and the arguments raised in Petitioner's Objection, the Court will overrule Petitioner's Objection and adopt Magistrate Judge Rateau's Recommendation to deny the Petition.

**I.    Background**

Following a jury trial, Petitioner was convicted of criminal damage and four counts of aggravated driving under the influence of an intoxicant.[1] In the pending Amended Petition for Writ of Habeas Corpus, Petitioner seeks relief on eight grounds: (1) the

---
[1] The full factual and procedural history of this case are set forth in the Magistrate Judge's Report and Recommendation. (Doc. 28.)

warrantless blood draw constituted an illegal search and seizure; (2) his counsel was ineffective due to a conflict of interest, and because he did not meet with Petitioner, file motions, challenge video and audio evidence, call a "star" witness at trial, prepare for trial, or present a sufficient defense; (3) the trial court abused its discretion in denying Petitioner new counsel; (4) the chain of custody for Petitioner's blood sample was incomplete; (5) his counsel was ineffective for failing to request a mitigation hearing; (6) the trial court abused its discretion by using Petitioner's prior convictions to enhance his sentence; (7) the charges were duplicitous; and (8) his counsel was ineffective, the prosecutor engaged in misconduct, and there were due process violations concerning juror bias. (Doc. 11.)

The Magistrate Judge concluded Grounds 1, 2, 4, and 7 were procedurally defaulted because Petitioner failed to raise the claims on direct appeal,[2] and Grounds 3, 6, and part of Ground 8, were procedurally defaulted because Petitioner failed to fairly present the basis for these claims to the state court. The Magistrate Judge further concluded that Petitioner failed to establish that a miscarriage of justice would result from the denial of review. The Magistrate Judge recommended denial of Ground 5 and a portion of Ground 8 on the merits.

In his Objection, Petitioner concedes that he failed to exhaust grounds 1, 2, 3, 4, 6, 7 and part of 8, but argues that his procedural default should be excused because he "professed his innocence from the very beginning" of the case and because he can show cause for the default. (Doc. 29 at 8.)[3] Petitioner also argues that he did not raise his

---

[2] In reaching this conclusion, the Magistrate Judge rejected Respondents' argument that Grounds 1, 2, 4, and 7 and part of Ground 8 were procedurally defaulted because Petitioner's petition for appellate review during the state post-conviction relief proceeding was untimely. (Doc. 28 at 7–10 (citing *Geotis v. Elliot*, 18 Fed. App'x 494, 495 (9th Cir. 2001)).) The Magistrate Judge, instead, concluded that these grounds were procedurally defaulted because Petitioner waived them by failing to raise them on direct appeal. Respondents do not object to the Magistrate Judge's ruling on these issues. The Court notes that under either theory, the claims remained procedurally defaulted. As discussed *infra*, this Court also concludes that the claims are procedurally defaulted.

[3] The Court's references to page numbers of cited filings correlate to the page number assigned by the Court's electronic filing system (CM/ECF) that appears at the top of each page of the document.

ineffective assistance of counsel claims on direct appeal on the advice of counsel. Petitioner asserts that this failure should be excused due to his counsel's erroneous advice. Finally, Petitioner asserts that his claims are meritorious.

## II. Standard of Review

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985). *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Reyna-Tapia,* 328 F.3d at 1121.

## III. Discussion

### A. Grounds One, Three, Four, Six, Seven, and a portion of Ground Eight are procedurally defaulted

As Petitioner does not challenge the Magistrate Judge's determination that Grounds 1, 3, 4, 6, 7 and part of Ground 8 are procedurally defaulted, these claims are precluded from federal habeas review unless Petitioner is able to show cause and prejudice to excuse the default or a fundamental miscarriage of justice. As discussed *infra*, Petitioner fails to make these showings.

### B. Ground Two is procedurally defaulted because Petitioner failed to properly raise it during the post-conviction relief proceeding

In Ground 2, Petitioner asserts that trial counsel, Stuart DeHaan, was ineffective due to a conflict of interest, and because counsel did not meet with Petitioner, file motions, challenge video and audio evidence, call a "star" witness to testify at trial, prepare for trial, or present a sufficient defense.[4] Petitioner contends that the conflict between himself and DeHaan arose when DeHaan was originally appointed to represent Petitioner and Petitioner

---

[4] Petitioner asserts other instances of ineffective assistance of counsel in Grounds 5 and 8, which the Magistrate Judge addressed on the merits.

- 3 -

opted to hire different counsel because he was dissatisfied with DeHaan's performance. (Doc. 11 at 39; *see also* Doc. 11 at 51.) When Petitioner's retained counsel later withdrew, DeHaan was once again appointed to represent Petitioner. (Doc. 11 at 39.) Petitioner claims that his earlier "fir[ing]" of DeHaan "caused a major conflict" resulting in DeHaan's alleged ineffective representation. (*Id.*) Petitioner also asserts that after DeHaan was reappointed, the trial court denied Petitioner's motion for appointment of new counsel. (*Id.* at 39, 44–46.)

In his PCR Petition, Petitioner claimed that he and defense counsel "had a conflict and both Defendant and attorney explained this to the Court. Court would not change counsel." (Doc. 19 at 41.) Petitioner also mentioned the conflict[5] when asserting that counsel was ineffective because he "did nothing to prepare for this case (ie) investigate, interview witnesses, visit the Defendant, or file appropriate motions" from July 2014 through March of 2015. (*Id.* at 57.) Elsewhere in his PCR Petition, Petitioner asserted that defense counsel was ineffective because he did not interview a "star" witness (*id.* at 41), did not file motions challenging the grand jury's proceedings (*id.* at 48), and waived time without consulting Petitioner. (*Id.* at 53.)

The PCR court held that Petitioner's claim of a conflict with defense counsel was waived and, thus, precluded from review because Petitioner did not raise it on direct appeal. (Doc. 22-3 at 3.) The PCR court also found that Petitioner failed to establish ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668 (1984). (*Id.* at 2–5.) In his petition for appellate review during the PCR proceeding, Petitioner argued, pertinent to Ground 2, that counsel was ineffective because he failed to interview a star witness and counsel had a conflict. (Doc. 23 at 6.) Elsewhere in the petition for review when discussing the trial court's denial of his request for new counsel, Petitioner referred to a "total breakdown in communications" between counsel and himself. (*Id.* at 9.)

The Magistrate Judge described Ground 2 as asserting only "that trial counsel was

---

[5] Petitioner described the alleged conflict as arising from his decision to retain counsel because DeHaan "was either overwhelmed with other cases or just simply ignored the Defendant in the instant case." (Doc. 19 at 56.)

- 4 -

ineffective due to a conflict of interest." (Doc. 28 at 11.) The Magistrate Judge stated that the PCR court "concluded that the claim was not subject to review because Turner was obligated to raise it on direct appeal." (*Id.*) The Magistrate Judge determined that "[t]he state court's reliance on Arizona's procedural rule barring post-conviction relief for claims that could have been raised on direct appeal but were not constitutes an independent and adequate ground barring federal review." (*Id.* at 11–12.) Therefore, the Magistrate Judge concluded that Ground 2 was procedurally defaulted. (*Id.*)

"Arizona courts treat conflict of interest claims as a species of ineffective assistance of counsel claims." *Murdaugh v. Ryan,* 724 F.3d 1104, 1123 (9th Cir. 2013) (citing *State v. Jenkins,* 148 Ariz. 463, 715 P.2d 716, 718–19 (1986) (en banc)). Because "Arizona law only permits defendants to bring ineffective assistance of counsel claims in Rule-32 post-conviction review proceedings," Petitioner's Ground 2 claim is not procedurally defaulted for failure to raise the claims on direct appeal. *Id.*; *see also State of Arizona v. Tucker*, 205 Ariz. 157, 163–64, 68 P.3d 110, 116–17 (2003). In other words, Petitioner's counsel correctly advised that Petitioner was not required to raise on direct appeal his Ground 2 claims of ineffective assistance of counsel.

To exhaust Ground 2, Petitioner was required to present his claims to the trial court in a PCR petition *and*, thereafter, to the Arizona Court of Appeals in a petition for review. *See Castillo v. McFadden*, 399 F.3d 993, 998 n.3 (9th Cir. 2005). Petitioner's petition for review filed with the appellate court did not assert the same instances of ineffective assistance he now alleges in Ground 2. Petitioner argued only in his petition for appellate review that he and counsel "had a conflict" and that counsel was ineffective for failing to interview the state's star witness (Doc. 23 at 6); he did not argue that counsel was ineffective for failing to call that witness to testify as he argues in Ground 2. Nor did he argue in his petition for review that counsel failed to file appropriate motions, challenge video and audio evidence, prepare for trial, or present a sufficient defense. The assertion of a claim of a constitutional violation based on one set of facts presented to the state courts, does not exhaust other claims alleging violation of the same constitutional provision based

on different facts that were not presented to the state courts. *See Moormann v. Schriro*, 426 F.3d 1044, 1056–57 (9th Cir. 2005) (new allegations of ineffective assistance of counsel not previously raised before the state court cannot be addressed on habeas review); *Date v. Schriro*, 619 F.Supp. 2d 736, 788 (D. Ariz. 2008) ("Ineffective assistance claims different from those presented to the state courts are precluded from consideration on habeas corpus review. . . . Petitioner's assertion of a claim of ineffective assistance of counsel based on one set of facts, does not exhaust other claims of ineffective assistance based on different facts."). Petitioner's Ground 2 claims are procedurally defaulted because the time to present them to the Arizona Court of Appeals has expired. *See* Ariz. R. Crim. P. 32.9(c); see also *Miloni v. Schriro*, No. 03–1025, 2006 WL 1652578, at * 5 (D. Ariz. 2006) (collecting cases holding that Arizona courts consistently apply Rule 32.9 governing time for filing petition for review).[6]

---

[6] Even if Petitioner exhausted his claim that counsel had a conflict, that claim fails on the merits because Petitioner cannot establish that counsel "actively represented conflicting interests" and his performance was defective as a result of the conflict. *Cuyler v. Sullivan,* 446 U.S. 335, 350 (1980); *see also Mickens v. Taylor,* 535 U.S. 162, 175 (2002). In addressing claims of actual conflict of interest, "the Supreme Court cases make clear, that . . . [courts are concerned] about legal conflicts of interest—an incompatibility between the interests of two of a lawyer's clients, or between the lawyer's own private interest and those of the client." *Plumlee v. Masto,* 512 F.3d 1204, 1210 (9th Cir. 2008) (client's subjective distrust of his attorney does not create a conflict of interest entitling him to new counsel); *Stenson v. Lambert,* 504 F.3d 873, 886 (9th Cir. 2007) (a disagreement about trial strategy does not constitute a conflict of interest). Petitioner alleges only that he had previously opted to retain other counsel because he was unhappy with DeHaan's initial performance, he does not cite any instance of legal conflict. *See id.*
Moreover, even if an actual conflict existed, Petitioner cannot establish prejudice under *Strickland. See United States v. Walter-Eze,* 869 F.3d 891, 907 (9th Cir. 2017) (in cases where an actual conflict exists unrelated to joint representation, defendant must establish prejudice under *Strickland*). The standard for prejudice is a reasonable probability that but for counsel's error the result would have been different. *Strickland,* 466 U.S. at 694. Petitioner asserts that defense counsel failed to call a witness at trial "who claimed to have seen everything." (Doc. 11 at 39–40.) Petitioner contends the witness's testimony "may have been helpful to the Petitioner but was never called upon to testify. The Petitioner told deputies upon questioning that he was not driving the vehicle. That witness could have proved the Petitioner[']s innocence." (*Id.*) Speculation about what a witness "could have said is not enough to establish prejudice." *Grisby v. Blodgett,* 130 F.3d 365, 373 (9th Cir. 1997); *see also Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (cursory allegations that are purely speculative cannot support a claim of ineffective assistance of counsel); *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991). ("[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim.").

### C. Petitioner fails to establish actual innocence to excuse procedural default

A petitioner may be able to overcome a procedural default by making a sufficient showing of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995) ("[I]f a petitioner . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims."). To satisfy the standard for "actual innocence," a habeas petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup*, 513 U.S. at 327). To revive a claim under *Schlup*, a petitioner's claim of innocence must be "truly extraordinary." *Id.* (internal quotation marks and citation omitted).

Petitioner's entry of a not-guilty plea and professions of "innocence with every appeal and motion to reconsider . . ." (Doc. 29 at 8), do not suffice to overcome the procedural bar. Petitioner fails to support his claim of innocence with any new evidence. Nor does he argue how the jury would have reached a different result. Petitioner's assertions of innocence do not overcome the procedural default. *See Thomas v. Goldsmith*, 979 F.2d 746, 750 (9th Cir. 1992) ("[B]are allegations, unsupplemented by evidence, do not tend to establish . . . actual innocence sufficiently for the court to ignore . . . [a procedural] default."), *abrogated in part on other grounds by Dist. Atty's Office v. Osborne*, 557 U.S. 52, 68 (2009).

### D. Petitioner fails to establish cause and prejudice to excuse procedural default

A federal court may review a procedurally defaulted claim if the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Generally, "cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded" a petitioner's efforts to comply with the State's procedural rule. *Murray*

*v. Carrier,* 477 U.S. 478, 488 (1986); *accord Coleman*, 501 U.S. at 753. "Prejudice" is actual harm resulting from the alleged constitutional error or violation. *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998). Prejudice need not be addressed if a petitioner fails to show cause. *Thomas v. Lewis,* 945 F.2d 1119, 1123 n.10 (9th Cir. 1991).

Petitioner contends that his procedural default was caused by ineffective assistance of appellate counsel. Petitioner asserts that he requested appellate counsel "to raise the issue of ineffective counsel in his [d]irect [a]ppeal. Counsel's response to Petitioner was that ineffectiveness was not an appealable issue under . . . Rule 31. The same reply was given pertaining to the illegally obtained evidence, and the video." (Doc. 29 at 8; *see also* Doc. 29-1 at 18.) Petitioner's argument appears to address Ground 1 concerning illegal seizure of evidence and Ground 2's ineffective assistance of counsel claim. Petitioner's argument is unavailing.

Petitioner's claim that appellate counsel caused the procedural default of Ground 1 fails because Petitioner did not raise a claim of ineffective assistance of appellate counsel before the PCR court. To rely on ineffective assistance of appellate counsel to excuse a procedural default, the claim of ineffective assistance of appellate counsel must have been fairly presented to the state court. *See Edwards v. Carpenter*, 529 U.S. 446, 451–54 (2000) (An allegation of ineffective assistance of counsel as cause for procedural default "is itself an independent constitutional claim" and is subject to the same exhaustion requirement as other habeas claims). Petitioner never presented the state court with a claim that appellate counsel was ineffective for failing to raise a claim that evidence was illegally seized.[7]

As discussed above, appellate counsel was correct that Petitioner's claims of ineffective assistance of counsel alleged in Ground 2 must be raised on collateral review.[8]

---

[7] To the extent Petitioner is blaming appellate counsel for failing to raise any other procedurally defaulted claims on direct appeal, the Court notes that Petitioner never presented the state court with a claim that appellate counsel was ineffective for failing to raise any of his procedurally defaulted claims.

[8] To the extent that Ground 2 involved a claim that the trial court erred regarding the alleged conflict with defense counsel, Petitioner makes no showing that appellate counsel gave him any advice about such a claim.

Appellate counsel did not represent Petitioner during the PCR proceeding. The procedural default of those claims occurred not because of appellate counsel, but because Petitioner failed to exhaust them. Therefore, Petitioner cannot rely on appellate counsel's alleged ineffectiveness to excuse his procedural default.

### E. Ground Five and part of Ground Eight are without merit

Petitioner's Objection does not challenge the Magistrate Judge's conclusion that Ground 5 and parts of Ground 8 are without merit. The Court will adopt the Report and Recommendation as to these claims.

### F. Denial of Certificate of Appealability

Before Petitioner can appeal this Court's judgment, a certificate of appealability (COA) must issue. *See* 28 U.S.C. §2253(c); Fed. R. App. P. 22(b)(1); Rule 11(a) of the Rules Governing Section 2254 Cases. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." The court must indicate which specific issues satisfy this showing. *See* 28 U.S.C. §2253(c)(3). With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id*. Applying these standards, the Court concludes that a certificate should not issue, as the resolution of the petition is not debatable among reasonable jurists.

## IV. CONCLUSION

IT IS ORDERED THAT:

1. The Report and Recommendation (Doc. 28) to deny and dismiss the Amended Petition is ADOPTED for the reasons stated in this Order.

2. Petitioner's Objection to the Report and Recommendation (Doc. 29) is OVERRULED.
3. Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 11) is DENIED AND DISMISSED WITH PREJUDICE.
4. A certificate of appealability is DENIED.
5. The Clerk of the Court shall enter judgment accordingly and close the file in this matter.

Dated this 5th day of November, 2019.

_____
Honorable Jennifer G. Zipps
United States District Judge